IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROY MCGEE,                            §
                                     §
          Plaintiff,                 §
                                     §
V.                                   §          No. 3:19-cv-2783-X-BN
                                     §
JOSE G. GARZA – AUTOS GARZA,         §
                                     §
          Defendant.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Roy McGee, listing his address as being in Red Oak, Texas, brings this *pro se* action based on his purchase of a vehicle from a car dealer located in Dallas, Texas. *See* Dkt. No. 3.

His lawsuit has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the United States District Judge Brantley Starr.

After reviewing McGee's complaint, the Court ordered that he show in writing that the Court has subject matter jurisdiction over his lawsuit. *See* Dkt. No. 6. But McGee has failed to respond to the Court's order or otherwise contact the Court.

Considering the complaint as filed, then, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also*

*Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."). Correspondingly, federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Because McGee chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if he does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law

creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Liberally construed, McGee brings claims related to his purchase of an allegedly defective vehicle. *See* Dkt. No. 3. ("This is my ordeal back a few months ago I pay for this 2004 Envoy ... and after I had it for two weeks the transmission went out."). McGee alleges that he had the vehicle towed back to the dealer from whom he purchased it, who then would not fix the vehicle. *See id.* He further references that "there is a Lemon Law" and possibly alleges that items may have been stolen from the vehicle while it was with the dealer. *Id.* ("I had over 400 dollars worth of tools and I

had about 5 pairs of pants worth 300 dollars and tops worth 200 dollars.").

The complaint does not affirmatively and distinctly allege that diversity jurisdiction exists, as it seems that both McGee and the defendant are resident in Texas, and McGee does not allege facts to show – or from which it may be inferred – that the amount in controversy exceeds $75,000.

Further, to the extent that McGee's reference to "Lemon Law" may be liberally construed as bringing a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310 *et seq.* ("MMWA"),

> [t]he MMWA grants federal courts jurisdiction to hear claims for breach of express and implied warranty with the following limitation:
>> No claim shall be cognizable in a suit brought [in federal court] ... if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit....
>
> 15 U.S.C. § 2310(d)(3). Accordingly, federal question jurisdiction under the MMWA is limited to breach-of-warranty claims for which the amount in controversy is at least $50,000.

*Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).

"Generally, courts look to state law to determine the applicable measure of damages, which informs the amount in controversy under the MMWA." *Id.* (citing *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984) (applying Texas law); *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979) ("[T]he legislative history clearly implies that a resort to state law is proper in determining the applicable measure of damages under the Act.")). And, while the United States Court of Appeals for the Fifth Circuit "has recognized several limitations in calculating the

amount in controversy under the MMWA," *id.* at 887; *see id.* at 887-88, generally speaking, "under Texas law, the amount in controversy for [any] breach-of-warranty claims [brought by McGee] equals the diminished value of the car plus incidental and consequential damages," *id.* at 888 (citing TEX. BUS. & COM. CODE ANN. §§ 2.714(b), 2714(c), 2715; *Boelens*, 748 F.2d at 1069, 1070-71).

Thus, if a MMWA claim does exist, the complaint fails to allege federal question jurisdiction under the MMWA by alleging facts that could establish a breach-of-warranty claim(s) coming close to $50,000.

McGee has thus failed to show that the Court possesses subject matter jurisdiction over his claims. The Court should therefore dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: March 5, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE